UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.     CAUSE NO. 3:19CV777-PPS/MGG

INDIANA STATE, et al.,

    Defendants.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, is unhappy with how his criminal case was handled in state court. He has now filed a civil suit against the Lake County Jail, Judge Samuel L. Cappas, Prosecutor Veronica M. Gonzalez, Attorney Thomas Mullins, and Attorney Kristin A. Mulholland. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, Cleveland has sued the Lake County Jail, but the jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot state a claim against the Lake County Jail.

Additionally, two of the defendants that Cleveland has named in this lawsuit, Judge Samuel L. Cappas and Prosecutor Veronica M. Gonzalez, are immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrines of prosecutorial and judicial immunity apply, Cleveland cannot proceed on a claim for damages against Judge Samuel L. Cappas or Prosecutor Veronica M. Gonzalez.

Cleveland has also sued Thomas Mullins and Kristin A. Mulholland – the attorneys that represented him in his criminal case. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High*

*Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the State and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, Cleveland cannot state a claim under § 1983 against Attorney Thomas Mullins or Attorney Kristin A. Mulholland.

Lastly, to the extent that Cleveland is seeking his immediate release from prison, that relief is not available to him in an action brought pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994)("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . ..").

Cleveland's complaint does not state a claim cognizable in federal court.[1] Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

ACCORDINGLY, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on September 24, 2019.

                                                 /s/ Philip P. Simon
                                                 JUDGE
                                                 UNITED STATES DISTRICT COURT

---

[1] To the extent Cleveland may be attempting to bring a malpractice claim against Attorney Thomas Mullins or Attorney Kristin A. Mulholland, there is no basis for exercising federal jurisdiction over that claim.